IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3063-FL

| | | |
|---|---|---|
| JONATHAN EUGENE BRUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF SOCIAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's numerous motions to amend his complaint, (DE ## 8, 13, 14, 25, 27, 35, 36, 40, 42, 43); his motion for removal, (DE #3); motions to appoint counsel, (DE ## 7, 41); motion to compel discovery, (DE # 29); and motion for summary judgment, (DE # 33). Also before the court is the motion to dismiss and to strike, (DE #18), and the motion to dismiss and for protective order,[1] (DE # 22), filed by defendants Earl R. Butler and C.L. Hamilton. These issues are ripe for adjudication. For the reasons that follow, plaintiff's motions for removal and appointment of counsel are denied; plaintiff's first motion to amend is allowed as a matter of course; defendants' motion to dismiss and for protective order is granted in part and denied in part; and the remaining motions are dismissed without prejudice.

---

[1] The caption of the motion to dismiss and for protective order is imprecise. The caption states that the motion is made by defendants Cumberland County Sheriff's Office and Caroline L. Hamilton, but the memorandum is submitted by defendants Hamilton and Butler. The claims against defendant Cumberland County Sheriff's Office were dismissed on November 24, 2009. Thus, the court construes the motion to dismiss and for protective order as being made by defendants Hamilton and Butler and only on their behalf.

## BACKGROUND

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on April 6, 2009. Plaintiff requested injunctive and monetary relief related to allegations that his constitutional rights were violated by the following defendants: North Carolina Department of Social Services, Cumberland County Sheriff's Department, Earl R. Butler, C.L. Hamilton, K.O. Spears, Sharon Smith, C. Carroll, Cumberland County Magistrate's Office, R.I. Applewhite, and George Franks. On November 24, 2009, the court dismissed as frivolous plaintiff's claims against all defendants except C.L. Hamilton and Earl Butler. In short, plaintiff complains that he was arrested without probable cause, wrongfully entrapped, and is now the subject of a malicious prosecution.

## DISCUSSION

A.   Plaintiff's Motion for Removal

Plaintiff moves this court to remove the prosecution of his state criminal case to federal court. A defendant desiring to remove any criminal prosecution from a state court shall file in the United States district court within which such action is pending a notice of removal signed pursuant to Federal Rule of Civil Procedure 11. 28 U.S.C. § 1446(a). The notice of removal should contain a short and plain statement of the grounds for removal, along with a copy of all process, pleadings, and orders served upon defendant. Id. Additionally, removal of a state criminal prosecution to federal court must be brought "not later than 30 days after the arraignment in State court" unless good cause is shown. 28 U.S.C. § 1446(c)(1).

In this case, plaintiff was arraigned on March 23, 2009. (Pl.'s Mot. For Removal 3.) He did not file his motion for removal until November 19, 2009, well beyond the thirty (30) day time limit. Plaintiff has not alleged good cause for the delay. Additionally, plaintiff has failed to attach a copy

of all of the process, pleadings, or orders served upon him. Because plaintiff filed his notice of removal well past the thirty (30) day time limit set forth in § 1446(c) and failed to attach the proper documents, his motion for removal (DE # 3) is denied.

B.      Plaintiff's Motion to Appoint Counsel

By order entered November 24, 2009, this court denied plaintiff's first motion to appoint counsel. Plaintiff filed a second motion to appoint counsel on December 2, 2009 and a third on July 26, 2010. For the reasons stated in this court's order of November 24, 2009, plaintiff's motions to appoint counsel are denied (DE ## 7, 41).

C.      Plaintiff's First Motion to Amend

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff may amend a pleading before trial as a matter of course within fifteen (15) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

Here, plaintiff filed his first motion to amend his complaint on December 8, 2010, which was within the fifteen (15) day period of service of the complaint. Therefore, he may amend his complaint once as a matter of course. Plaintiff adds claims against Lelia Goode-Eatmon, Wanda Nunnery, Ed Grannis, Sharon R. Smith, Rita Cox, George Franks and R.I. Applewhite. These new claims, however, are still subject to frivolity review.

Section 1915 provides that courts shall review complaints in which prisoners seek relief from a governmental entity or officer and dismiss such complaints when they are "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A complaint may be found frivolous because of either legal or factual deficiencies. First, a complaint is frivolous where "it lacks an arguable basis . . . in law." Neitzke

3

v. Williams, 490 U.S. 319, 325 (1989). Second, a complaint may be frivolous where it "lacks an arguable basis ... in fact." Id. at 325. Section 1915 permits federal courts "to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Denton v. Hernandez, 504 U.S. 25, 32 (1992) (citing Neitzke, 490 U.S. at 327).

    1.    Claims against Lelia Goode-Eatmon and Wanda Nunnery

Plaintiff alleges Leila Goode-Eatmon and Wanda Nunnerly, both of whom are employees of the Cumberland County Department of Social Services, filed false reports against plaintiff which led to his indictment in state court. The court finds that plaintiffs allegations against these defendants are not clearly frivolous. Thus, plaintiff is allowed to proceed with his claims against these defendants.[2]

    2.    Claims against Ed Grannis, Sharon R. Smith, and Rita Cox

Ed Grannis, Sharon R. Smith, and Rita Cox are prosecutors in Cumberland County, North Carolina. Prosecutors are absolutely immune when carrying out prosecutorial functions. See Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). The Supreme Court has noted that such absolute immunity can produce harsh results in certain situations: "To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty. But the alternative of qualifying a prosecutor's immunity would disserve the broader public interest." Imbler, 424 U.S. at 427. This immunity applies when the prosecutor's activities are "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430.

The line between prosecutorial functions, which are protected by absolute immunity, and

---

[2]Plaintiff also includes "Zimmerman" in his list of new defendants. As plaintiff's amended pleading lacks any allegations against Zimmerman, the court declines to join Zimmerman as a party in this action.

4

investigative functions, which are protected by only qualified immunity, is drawn at the point of probable cause. See Buckley v. Fitzsimmons, 509 U.S. 259, 273–74 (1993). For acts taken after probable cause has been established, a prosecutor has absolute immunity; for acts taken before probable cause has been established, a prosecutor has only qualified immunity:

> Once a prosecutor possesses probable cause, he must decide whether to prosecute, which charges to initiate, what trial strategy to pursue, and a multitude of other important issues that require him to exercise discretion. In a pre-probable-cause investigation, on the other hand, a prosecutor exercises no more discretion than a police officer and thus should enjoy no more protection than qualified immunity.

Goldstein v. Moatz, 364 F.3d 205, 215 (4th Cir. 2004).

Plaintiff alleges Grannis, Smith, and Cox violated the due process clause of the Fourteenth Amendment by "masterminding the unlawful execution of the states [sic] illegal entrapment corruption strategy to create a fictitious probable cause to create fictitious legal claims of rape and assault to create a malicious prosecution against plaintiff." Plaintiff goes on to allege the prosecutors created and prosecuted various wrongs. While many of plaintiff's allegations are unclear and confusing, plaintiff's amended complaint seems to allege that the prosecutors improperly relied on information from social services which contained allegations of child sex abuse against plaintiff. Plaintiff contends that based on this information, the district attorney's office indicted him on various charges. Plaintiff's allegations show, however, that he disputes the district attorney's decision to indict him and the decision to rely on evidence submitted by social services. These decisions at issue, however, involve prosecutorial functions, not investigatory functions. As a result, plaintiff's claims against Grannis, Smith, and Cox are barred by the doctrine of prosecutorial immunity and are dismissed as frivolous.

3. Claims against George Franks and R.I. Applewhite

Judge George Franks and Magistrate R.I. Applewhite are judicial officers in Cumberland

5

County, North Carolina. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts." Stump v. Sparkman, 435 U.S. 349, 355–56 (1978) (citations omitted). The proper recourse for a party who believes that the judge has ruled improperly or unfairly is to raise such errors on appeal. See Pierson v. Ray, 386 U.S. 547, 554 (1967). Likewise, state court magistrates have judicial immunity for actions taken in their judicial capacity. Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987).

Plaintiff alleges Franks and Applewhite created fictitious and false legal documents. The documents plaintiff disputes include arrest warrants and an *ex parte* order domestic violence order of protection. As issuance of both were actions taken in their judicial capacity, Franks and Applewhite are protected by judicial immunity, and plaintiff's claims against these individuals are dismissed as frivolous.

D.     Defendants' Motion to Stay

Pursuant to the doctrine of Younger v. Harris, 401 U.S. 37 (1971), a federal court should abstain when a plaintiff seeks to enjoin a pending state court criminal proceeding. Younger abstention is appropriate where there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." Nivens v. Gilchrist, 319 F.3d 151, 153 (4th Cir. 2003) (Nivens I). A court should disregard Younger's mandate only where "(1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of

6

immediate and irreparable injury." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (Nivens II) (internal quotations omitted).

To prevail under the bad faith exception, plaintiff must show "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Kugler v. Helfant, 421 U.S. 117, 126 n. 6 (1975); Suggs v. Brannon, 804 F.2d 274, 278 (4th Cir. 1986). Similarly, "'[h]arassment' means much the same, although it also connotes a legal exercise of authority in such a manner as to be unnecessarily oppressive." Timmerman v Brown, 528 F.2d 811, 815 (4th Cir. 1975). "[I]t is the plaintiff's 'heavy burden' to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment." Phelps v. Hamilton, 122 F.3d 885, 890 (10th Cir. 1997).

The Younger doctrine has been extended to also permit abstention when a plaintiff seeks declaratory or monetary relief. See Suggs, 804 F.2d at 279–80. When abstaining a monetary claim pursuant to Younger, the court must stay rather than dismiss the action. Id. at 280.

Here, the Younger factors are met and abstention is appropriate. The criminal proceeding in state court was commenced before plaintiff filed the federal complaint, and the instant proceeding has not substantially progressed. Additionally, a pending state criminal proceeding is the type of proceeding which implicates important state interests. See Nivens I, 391 F.3d 151, 154 (noting a state has an important interest in enforcing its criminal laws). Finally, plaintiff will likely have the opportunity in the state action to raise his constitutional claims. See Nivens II, 444 F.3d at 241 ("in a typical state criminal trial a defendant can raise his constitutional claims as a defense to prosecution" and thus "has an adequate remedy at law.").

Plaintiff responds that abstention is inappropriate because defendants acted with bad faith.

7

Plaintiff alleges that several individuals and agencies conspired against him in initiating the pending state charges. He states the indictment is not supported by probable cause because there is no physical evidence and because the alleged victim in the state case was over eighteen years of age when she signed an affidavit regarding the alleged offense. He also makes several conclusory allegations that defendants have falsified documents.

Despite plaintiff's allegations, the evidence he offers tends to show that he was the subject of a restraining order which prohibited his contact the victim and that indictments for sexual assault and rape have been returned against him. Aside from his conclusory allegations against those who played a role in investigating the alleged criminal conduct, he fails to show that defendants have acted in bad faith or with the intent to harass. As such, he fails to carry the heavy burden necessary to meet the bad faith exception. Accordingly, the court will abstain pursuant to Younger. As plaintiff's claims involve request for monetary damages, the claims will be stayed pending resolution of the state action.

E.   Remaining Motions

In light of the stay, plaintiff's remaining motions to amend, to compel discovery, and for summary judgment are dismissed without prejudice. Defendants' motion to dismiss and strike is also dismissed without prejudice. Once the state criminal proceeding has concluded, the parties may seek to renew such motions at the appropriate time. Upon resolution of the state prosecution, the parties are directed to file a status report with this court within fourteen (14) days.

CONCLUSION

For the foregoing reasons,

1. Plaintiff's motion to remove (DE # 3) is DENIED;

2. Plaintiff's motions to appoint counsel (DE # 7, 41) are DENIED;

3. Plaintiff's first motion to amend (DE # 8) is ALLOWED as a matter of course;

4. Plaintiff's amended claims against Ed Grannis, Sharon R. Smith, Rita Cox, George Franks and R.I. Applewhite, however, are DISMISSED as frivolous;

5. Plaintiff's claims against Lelia Goode-Eatmon and Wanda Nunnery are ALLOWED to proceed, and the Clerk of Court is DIRECTED to issue summons for these defendants;

6. Defendants' motion to dismiss on abstention grounds (DE # 22) is GRANTED in part and DENIED in part; the court ABSTAINS and STAYS this action in light of the pending prosecution in state court; and

7. In light of the stay, plaintiff's remaining motions (DE ## 13, 14, 25, 27, 29, 33, 35, 36, 40, 42, 43) and defendants' motion to dismiss and strike (DE # 18) are DISMISSED without prejudice. Upon resolution of the state prosecution, the parties are directed to file a status report with this court within fourteen (14) days.

SO ORDERED, this the 13th day of August, 2010.

_____
LOUISE W. FLANAGAN
Chief United States District Judge