IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3063-FL

| | | |
|---|---|---|
| JONATHAN EUGENE BRUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NORTH CAROLINA DEPARTMENT | ) | |
| OF SOCIAL SERVICES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Jonathan Eugene Brunson ("plaintiff") filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court on plaintiff's request and motion to withdraw court order and to abstain stay (DE # 46), request and motions to add new defendant (DEs # 47, 48, 66), and motion for an order compelling discovery (DE # 70). Also before the court is the motion to quash or motion for protective order (DE # 68) and the motion to dismiss or motion to stay (DE # 81) filed by defendants Earl R. Butler ("Butler"), Cumberland County Sheriffs Department, and C.L. Hamilton ("Hamilton"), as well as the motion for a protective order (DE # 74) filed by Lelia Goode-Eatmon ("Goode-Eatmon"), and Wanda Nunnery ("Nunnery"). The foregoing gives the court cause also to review its order entered December 30, 2010, regarding planning and scheduling, and its order February 16, 2011, wherein it addressed a comprehensive case management plan. The issues raised are ripe for adjudication.

## BACKGROUND

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on April 6, 2009. Plaintiff requested injunctive and monetary relief related to allegations that his constitutional rights were violated by the following defendants: North Carolina Department of Social Services, Cumberland County Sheriff's Department, Earl R. Butler, C.L. Hamilton, as well as, K.O. Spears ("Spears"), Sharon Smith ("Smith"), C. Carroll ("Carroll"), Cumberland County Magistrate's Office, R.I. Applewhite ("Applewhite"), and George Franks ("Franks"). On November 24, 2009, the court dismissed as frivolous plaintiff's claims against all defendants except Hamilton and Butler.

In short, plaintiff complains that he was arrested without probable cause, wrongfully entrapped, and now is the subject of a malicious prosecution. Hamilton and Butler then filed a motion to dismiss plaintiff's action or to strike his complaint pursuant to Federal Rule of Civil Procedure 12(f). Hamilton and Butler also have filed a motion to dismiss or for abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971).

On August 13, 2010, this court entered an order allowing plaintiff to amend his complaint as a matter of course to include claims against Smith, Franks, Goode-Eatmon, Nunnery, and Applewhite, as well as, Rita Cox ("Cox"), and Ed Grannis ("Grannis"). The court then conducted a frivolity review and allowed plaintiff's claims to proceed against Goode-Eatmon and Nunnery, but dismissed plaintiff's claims against Grannis, Smith, Cox, Franks, and Applewhite as frivolous. The court also granted the motion to dismiss filed by Hamilton and Butler in part and denied it in part. The court stated that it "abstains and stays the action in light of the pending prosecution in state court." (DE # 44.) Finally, the court, in light of the stay, dismissed without prejudice plaintiff's remaining pending motions and the motion to dismiss and strike filed by Hamilton and Butler. The

court directed that upon resolution of the state prosecution, the parties are directed to file a status report with this court within fourteen (14) days.

## DISCUSSION

A.  Plaintiff's Request for Entry of Default

On October 21, 2010, plaintiff filed a pleading captioned "Declaration for Entry of Default." In his pleading, plaintiff requests that the court order the Clerk of Court to file an entry of default against Goode-Eatmon and Nunnery. Accordingly, the Clerk of Court is DIRECTED to construe this filing as a motion for entry of default.

As stated, plaintiff requests that he be granted an entry of default against Goode-Eatmon and Nunnery because they failed to timely respond to his complaint. Goode-Eatmon and Nunnery were served on August 23, 2010. They subsequently had twenty-one (21) days to respond to plaintiff's amended complaint. F.R.Civ.P 12(a)(1)(A)(i). Goode-Eatmon and Nunnery filed a motion for an extension of time to file an answer before the expiration of the twenty-one (21) day period. The court granted the motion and allowed Goode-Eatmon and Nunnery until October 14, 2010 to file an answer. Goode-Eatmon and Nunnery filed an answer on October 14, 2010. Thus, Goode-Eatmon and Nunnery filed a timely answer, and plaintiff's motion for entry of default is DENIED.

B.  Plaintiff's Motion for Reconsideration

Plaintiff requests that this court reconsider its August 13, 2010 decision to stay this action pursuant to Younger v. Harris, 401 U.S. 37 (1971). Pursuant to Rule 54(b), in the absence of an express order directing final judgment as to certain claims or parties:

> [A]ny order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the

3

> claims or parties, *and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.*

Fed.R.Civ.P. 54(b) (emphasis added). Under this rule, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, 326 F.3d 505 at 514-515 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1469 (4th Cir. 1991).

"Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Id. at 514. Rather, the resolution of such motions is "committed to the discretion of the district court." Id. at 515. As a means of guiding that discretion, courts have looked to "doctrines such as law of the case," under which a prior dispositive order must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Id. (quoting Sejman v. Warner-Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988)).

Similarly, courts applying Rule 54(b) have borrowed factors from Rule 59(e) and Rule 60(b), which include (1) evidence not previously available has become available, (2) an intervening change in the controlling law, (3) a clear error of law or manifest injustice, (4) mistake, inadvertence, surprise or excusable neglect, or (5) any other reason justifying relief from the operation of the judgment. See Fayetteville Investors, 936 F.2d at 1469 (noting use by some district courts of reasons set out in Rule 60(b) in deciding motions to reconsider under Rule 54(b)); Superior Bank v. Tandem Nat'l Mortg., 197 F. Supp.2d 298, 332 (D. Md. 2000) (citing and referring to Rule 59(e) and Rule 60(b) factors).

4

Plaintiff has not satisfied any of the criteria set forth above. Instead, plaintiff is attempting to re-litigate the same issues that already have been decided. "Reconsideration by re-argument is not proper under Rule 54." Faris v. SFX Entm't, Inc., 2006 WL 3690632 at *8 (W.D.N.C. Dec. 12, 2006). Because plaintiff has not raised any new ground to challenge this court's decision, he is not entitled to relief pursuant to Rule 54. Thus, his motion for reconsideration is DENIED.

C.    Stay Pursuant to Younger v. Harris

As stated, the court stayed this action pursuant to Younger on August 13, 2010. The court stayed this action pending resolution of plaintiff's state criminal action. The parties filed several motions and letters subsequent to the stay. The court now finds it appropriate to clarify that the court's August 13, 2010 stay of this action operates to suspend the action in its entirety until the state court proceedings are resolved. The court finds that a complete stay of the action is necessary to accomplish the goal of efficiency and "avoiding wasteful duplication of judicial resources." See Suggs v. Brannon, 804 F.2d 274, 280 (4th Cir. 1986) (citation and quotation omitted).

In light of the stay, plaintiff's request and motions to add new defendant (DEs # 47, 48, 66), and plaintiff's motion for an order compelling discovery (DE # 70) are dismissed without prejudice. Also, the motion to quash or motion for protective order (DE # 68) filed by Butler, Cumberland County Sheriffs Department, and Hamilton and the motion for a protective order (DE # 74) filed by Goode-Eatmon and Nunnery are dismissed without prejudice. Finally, the court dismisses without prejudice the motion to dismiss or to stay (DE # 81).[1] Once the state criminal proceedings have

---

[1] The court notes that it previously granted, on August 13, 2010, the motion to stay filed by Butler and Hamilton. As the action remains stayed, the court finds no grounds to address the merits of this motion at this time.

5

concluded, the parties have provided the court with the appropriate notice, and the stay of this action has been lifted, the parties may seek to renew their respective motions.

Due to the parties' activity in this case, the court finds it appropriate to request an interim status report at this time. Defendants are directed to provide the court with a memorandum regarding the status of the state court proceedings within fourteen (14) days of this order. Plaintiff may file a response within seven days thereafter. The court reiterates that, with the exception of the status update, there are to be no additional filings in this action until the court has lifted the stay and reinstated the action.

Due to the court's stay of this action, having had cause to review the entirety of the docket upon the motions now presented, the court sets aside the initial order regarding planning and scheduling and its Case Management Order, as premature. A new initial order and then case management order will be issued when the court lifts the stay and reinstates this action.

## CONCLUSION

For the foregoing reasons:

1. The court DENIES plaintiff's request to reconsider the court's stay of this action pursuant to Younger, (DE # 46).

2. The court DISMISSES without prejudice plaintiff's request and motions to add new defendant (DEs # 47, 48, 66), plaintiff's motion for an order compelling discovery (DE # 70), the motion to quash or motion for protective order (DE # 68), the motion for a protective order (DE # 74), and the motion to dismiss or stay (DE # 81).

3. Defendants are directed to provide the court with a status update regarding the status of the state court proceedings within fourteen (14) days of this order. Plaintiff may file a response

within seven days thereafter. With the exception of the status update, there are to be no additional filings in this action until the court has lifted the stay and reinstated the action.

4. The Clerk of Court is DIRECTED to construe plaintiff's pleading captioned "Declaration for Entry of Default" as a motion for entry of default. The court DENIES plaintiff's motion for entry of default (DE # 60).

5. The court VACATES its December 30, 2010 initial order regarding planning and scheduling and its February 16, 2011 Case Management Order.

SO ORDERED, this the 28 day of February, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge