UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-03063-FL

| | |
|---|---|
| JONATHAN EUGENE BRUNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| N.C. DEPT. OF SOCIAL SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

This cause comes before the Court upon the following motions referred to the undersigned:

**Plaintiff's Motion for Leave to File Amended Complaint, DE-115**

**Plaintiff's Motion to Compel Discovery, DE-123**

**Plaintiff's Motion to Compel Discovery, DE-126**

**Defendants' Motion for Protective Order, DE-113**

These matters are now ripe for adjudication. For the reasons set forth herein, the motion to amend (DE-115) is DENIED IN PART AND GRANTED IN PART. The motion for protective order (DE-113) is GRANTED IN PART. One of Plaintiff's motions to compel (DE-126) is GRANTED, while the other motion to compel (DE-123) is DENIED AS MOOT.

I.  BACKGROUND

Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on April 6, 2009 against the following defendants: North Carolina Department of Social Services, Cumberland County Sheriff's Department, Earl R. Butler, C.L. Hamilton, K.O. Spears, Sharon Smith, C. Carroll,

Cumberland County Magistrate's Office, R.I. Applewhite, and George Franks.  In short, Plaintiff complained that he was arrested without probable cause, wrongfully entrapped, and was the subject of a malicious prosecution.  On November 24, 2009, the Court dismissed as frivolous Plaintiff's claims against all Defendants except Detective C.L. Hamilton and Sheriff Earl Butler of the Cumberland County Sheriff's Department.  The Court determined that Plaintiff's claims against Hamilton and Butler were "not clearly frivolous" and allowed those claims to proceed.  Order 5, Nov. 25, 2009, DE-4.

Hamilton and Butler then filed a motion to dismiss Plaintiff's action or to strike his complaint pursuant to Federal Rule of Civil Procedure 12(f).  (DE-18).  Hamilton and Butler also filed a motion to dismiss or for abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971), due to the ongoing prosecution of Plaintiff in state court.  (DE-22).  Plaintiff filed numerous motions to amend the complaint.  (DE-8, 13, 14, 25, 27, 35, 36, 40, 42, 43).

On August 13, 2010, the Court entered an order allowing Plaintiff to amend his complaint as a matter of course to include claims against Lelia Goode-Eatmon, Wanda Nunnery, Sharon Smith, George Franks, R.I. Applewhite, Rita Cox, and Ed Grannis.  The Court then conducted a frivolity review of Plaintiff's claims against Goode-Eatmon and Nunnery.  Order 4, Aug. 13, 2010, DE-44.  Goode-Eatmon and Nunnery are employees of the Cumberland County Department of Social Services who, according to Plaintiff, filed false reports against him that led to his indictment in state court.  The Court found that these allegations were "not clearly frivolous" and allowed them to proceed.  Id.  The Court noted that Plaintiff had attempted to name as an additional defendant Rosemary Zimmerman, the director of the Cumberland County Department of Social Services, but had failed to include any specific allegation against her.  The Court therefore declined to join Zimmerman as a party to the action.  Id. at 4 n. 2.

Reviewing the remaining allegations, the Court dismissed as frivolous Plaintiff's claims against Grannis, Smith, Cox on the basis of prosecutorial immunity. *Id.* at 5. Plaintiff's claims against Franks and Applewhite were dismissed on the basis of judicial immunity. *Id.* at 6. The Court also granted the motion to dismiss filed by Hamilton and Butler in part and denied it in part. The Court stated that it "abstains and stays this action in light of the pending prosecution in state court." Order 9, Aug. 13, 2010, DE-44. Finally, the Court, in light of the stay, dismissed without prejudice Plaintiff's remaining pending motions and the motion to dismiss and strike filed by Hamilton and Butler. The Court directed the parties to file a status report within fourteen days upon resolution of the state prosecution.

On October 16, 2012, the Court lifted the stay upon receipt of information that the North Carolina Court of Appeals had found no error in Plaintiff's multiple convictions of sexual offenses against a minor. Order, Oct. 16, 2012, DE-102; *see also* State v. Brunson, __ N.C. App. __, 727 S.E.2d 916 (2012). The Court's case management order set a deadline of March 18, 2013 for close of discovery and April 28, 2013 for the filing of dispositive motions. (DE-111).

Plaintiff now seeks leave to amend his complaint and moves to compel production of certain documents. Defendants Goode-Eatmon and Nunnery request entry of an order protecting against disclosure of confidential records.

## II.   LEGAL STANDARDS

Rule 15(a) states that "[t]he court should freely give leave" to the parties to amend the pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The law is well settled 'that leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.'" Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting

Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986)). An amendment is futile if it "advances a claim or defense that is legally insufficient on its face." Joyner v. Abbott Labs., 674 F. Supp. 185, 190 (E.D.N.C. 1987). A claim that is legally insufficient on its face is one which would not withstand a motion to dismiss under Rule 12(b)(6). *Id.*

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com. Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

### III. ANALYSIS

#### A. Motion to Amend Complaint, DE-115

By his motion to amend, Plaintiff seeks to add as defendants to the instant action Edward Grannis, Sharon Smith, Rita Cox, Rosemary Zimmerman, L. Guedalia, George Franks, R.L. Applewhite, Linda Priest, Wanda Peavey, and Rosalyn Perry. However, as Plaintiff has been informed by previous orders of this Court, his claims against defendants Grannis, Smith, and Cox are barred by the doctrine of prosecutorial immunity. Order, Aug. 13, 2010, DE-44. Similarly, Judge George Franks and Magistrate R.I. Applewhite are protected by judicial

immunity. *See id.* Amendment of the complaint to include these defendants would therefore be futile. *See* Joy v. Countrywide Fin. Corp., No. 5:10-CV-218-FL, 2011 U.S. Dist. LEXIS 93828, at *13-14 (E.D.N.C. Aug. 19, 2011) (denying the plaintiff's motion for leave to amend the complaint where the proposed amendment was clearly insufficient to state a claim and therefore futile). Accordingly, Plaintiff's motion to amend the complaint to include these defendants is DENIED.

Plaintiff also names as defendants Linda Priest, Wanda Peavey, and Rosalyn Perry. These three defendants are identified as clerks of the superior court. "[Q]uasi-judicial immunity protects court clerks" like Priest, Peavey and Perry. Sullivan v. Cannady, No. 7:12-CV-69-D, 2012 U.S. Dist. LEXIS 145848, at *11 (E.D.N.C. Oct. 10, 2012) (citing Briscoe v. LaHue, 460 U.S. 325, 335 (1983), Lundahl v. Zimmer, 296 F.3d 936, 939 (10th Cir. 2002), and Wiley v. Buncombe Cnty., 846 F. Supp. 2d 480, 485 (W.D.N.C. 2012) ("The doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." (quotation omitted))). Because Plaintiffs' allegations against Priest, Peavey and Perry arise from actions these defendants took in carrying out judicial functions, they are entitled to quasi-judicial immunity from Plaintiff's claims. Amendment of the complaint to add claims against Priest, Peavey and Perry would therefore be futile. Accordingly, Plaintiff's motion to amend is DENIED with respect to these defendants.

Finally, Plaintiff seeks to add deputy sheriff L. Guedalia and DSS director Rosemary Zimmerman as defendants. Plaintiff timely filed his motion for leave to amend on December 3, 2012, well before the deadline set for amended pleadings in the Court's case management order.

5

*See* Case Management Order, Nov. 9, 2012, DE-111 (setting January 18, 2013 as the deadline for amended pleadings). Plaintiff states that the criminal proceedings in state court led him to discover new information essential to his claims. This Court has already determined that Plaintiff's claims against similar defendants are not clearly frivolous. As such, the undersigned concludes that amendment would not be futile. Defendants argue that allowing Plaintiff to amend his complaint would "severely prejudice" them. However, the nature of Plaintiff's claims remains essentially unchanged. The prejudice to Defendants is therefore minimal. Moreover, there appears to be no bad faith on Plaintiff's part. Review of the docket shows that he has been diligent in pursuing his claims and has filed multiple motions that have been denied without prejudice. Because "leave to amend a pleading should be denied *only* when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile,'" Edwards, 178 F.3d at 242, the undersigned concludes that Plaintiff's motion to amend with regard to defendants Guedalia and Zimmerman should be GRANTED.

### B. Motion to Compel, DE-123

By this motion, Plaintiff requests the Court compel defendant Nunnery's response to his first set of interrogatories. However, shortly before the motion to compel was filed, defendant Nunnery responded to Plaintiff's discovery requests. Resp., Ex. 1, DE-124-1. The motion to compel is therefore DENIED as moot.

### C. Motion to Compel, DE-126/Motion for Protective Order, DE-113

Plaintiff moves the Court for an order compelling Goode-Eatmon and Nunnery to produce six privileged documents for *in camera* inspection. Specifically, Plaintiff requests the following: (1) a 1999 abuse complaint against Plaintiff; (2) an August 2005 medical report; (3) a

psychiatric report of the state's complaining witness; (4) a psychological report of the state's complaining witness; (5) a Lyme disease report; and (6) the evidence report made by the department of social services required by N.C. Gen. Stat. § 7B-307. These documents relate to Plaintiff's claims that Goodmon-Eatmon and Nunnery fabricated evidence that led to his criminal convictions. Plaintiff contends that the documents he seeks to compel will show that Goodmon-Eatmon and Nunnery knew that the complaining state witness was being untruthful in her allegations against Plaintiff, and that the evidence against him was fabricated.

Defendants have not specifically responded to Plaintiff's motion, although Goode-Eatmon and Nunnery have moved for entry of a protective order against disclosure of any records of a child protective services investigation in accordance with N.C. Gen. Stat. § 7B-302, which provides that "[a]ll information received by the department of social services, including the identity of the reporter, shall be held in strictest confidence by the department." Goode-Eatmon and Nunnery do not contest the relevance of the documents Plaintiff seeks to compel, but request that, should the Court order production, such documents should first be submitted under seal to the Court for *in camera* inspection in accordance with North Carolina law. *Cf.* In re Clayton, No. COA02-732, __ N.C. App. __, __ S.E.2d __, 2003 N.C. App. LEXIS 1385, at *6-8 (2003) (unpublished) (noting that the trial judge should conduct *in camera* review of confidential juvenile records maintained by the department of social services under N.C. Gen. Stat. § 7B-2901(b) before ordering discovery).

This Court has determined that Plaintiff should be allowed to proceed with his claims against Goodmon-Eatmon and Nunnery. Goodmon and Nunnery do not contest the relevance of the documents sought by Plaintiff, nor do they deny that the documents are within their possession or control. Plaintiff is therefore entitled to discovery of the documents. Accordingly,

Plaintiff's motion to compel is GRANTED. However, as the documents are protected by statute, *see* N.C. Gen. Stat. § 7B-302, the undersigned agrees that a protective order is appropriate to preserve their confidentiality. The motion for protective order is therefore GRANTED IN PART. Defendants Goodmon-Eatmon and Nunnery are ORDERED to produce the six documents sought by Plaintiff directly to the Court for *in camera* inspection. Production of these documents should take place within ten (10) days after entry of this order. The Court will review the documents and determine which ones, if any, should be turned over to Plaintiff. If the documents are eventually filed with the Court, they will be maintained under seal.

## IV.  CONCLUSION

As explained herein, Plaintiff's motion to amend (DE-115) is DENIED IN PART AND GRANTED IN PART. Plaintiff's motion to compel (DE-126) is GRANTED. However, the documents subject to Plaintiff's motion to compel will first be reviewed *in camera* by the Court. The motion for protective order (DE-113) is GRANTED IN PART. Plaintiff's remaining motion to compel (DE-123) is DENIED AS MOOT.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, April 24, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE