# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
### NO. 5:09-CT-3063-FL

| | |
|---|---|
| JONATHAN EUGENE BRUNSON PLAINTIFF | |
| V | PLAINTIFF'S MEMORANDUM OF LAW IN OBJECTION |
| NORTH CAROLINA DEPARTMENT OF SOCIAL SERVICES, et al DEFENDANTS | TO THE ORDER OF THE U.S. MAGISTRATE JUDGE |

## STATEMENT OF CAUSE

PLAINTIFF, JONATHAN E. BRUNSON, HEREBY SUBMIT A MEMORANDUM OF LAW IN OBJECTION TO PART OF AN ORDER ENTERED BY THE MAGISTRATE JUDGE ON APRIL 24, 2013.

THE ORDER GRANTED PLAINTIFF'S MOTION TO COMPEL, BUT THE MAGISTRATE INCORRECTLY IDENTIFIED THE TYPE OF EVIDENCE REPORT COMPELLED BY PLAINTIFF FOR IN-CAMERA INSPECTION. SPECIFICALLY, IN NUMBER SIX OF SIX PRIVILEGED DOCUMENTS, THE MAGISTRATE INCORRECTLY COMPELLED "THE EVIDENCE REPORT MADE BY THE DEPARTMENT OF SOCIAL SERVICES REQUIRED BY N.C.G.S. § 7B-307." THE CORRECTION IS: THE EVIDENCE REPORT RECEIVED BY DSS AS REQUIRED BY N.C.G.S. § 7B-307 — THAT TRIGGERED DSS DIRECTOR

ZIMMERMAN'S DUTY TO REPORT EVIDENCE OF ABUSE PURSUANT TO N.C.G.S, § 7B-307. THE MAGISTRATE WORDING CAN EASILY CONFUSE THE EVIDENCE REPORT WITH THE DSS DIRECTORS SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S, 7B-307. THESE REPORTS ARE TWO ENTIRELY DIFFERENT REPORTS. THE EVIDENCE REPORT REQUESTED BY PLAINTIFF IS WHAT TRIGGERS THE DIRECTORS DUTY TO REPORT PURSUANT TO G.S. 7B-307 RESULTING IN THE DIRECTOR MAKING AN IMMEDIATE ORAL AND SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S, 7B-307. THEREFORE, DSS DIRECTOR ZIMMERMAN IS NOT AUTHORIZED TO TRIGGER G.S, 7B-307 DIRECTORS DUTY TO REPORT EVIDENCE OF ABUSE OR IS NOT AUTHORIZED TO MAKE AN IMMEDIATE ORAL AND SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S, 7B-307 WITHOUT HAVING FIRST RECEIVED AN EVIDENCE REPORT AS REQUIRED BY G.S.7B-307. IN THE LIKELY EVENT, HOWEVER, THAT DIRECTOR ZIMMERMAN DID IN FACT TRIGGER G.S, 7B-307 DSS DIRECTORS DUTY TO REPORT EVIDENCE OF ABUSE BY MAKING AN IMMEDIATE ORAL AND SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER WITHOUT HAVING RECEIVED AN EVIDENCE REPORT AS REQUIRED BY G.S.7B-307 THEN IT SHALL MANIFEST (1) DIRECTOR ZIMMERMAN DID NOT HAVE A DUTY TO REPORT JUVENILE ABUSE PURSUANT TO G.S.7B-307 AND (2) DIRECTOR ZIMMERMAN FABRICATED BOTH AN IMMEDIATE ORAL REPORT AND SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER ON MAY 1, 2008

PURSUANT TO G.S. 7B-307,

THE ORDER ALSO DENIED IN-PART PLAINTIFFS MOTION FOR
LEAVE TO AMEND THE COMPLAINT TO INCLUDE (1) DEFENDANTS
GRANNIS, SMITH, AND COX ON THE GROUND OF PROSECUTORIAL
IMMUNITY; (2) DEFENDANTS FRANKS AND APPLEWHITE ON THE
GROUND OF JUDICIAL IMMUNITY, AND (3) DEFENDANTS PRIEST,
PEAVEY, AND PERRY ON THE GROUND OF QUASI-JUDICIAL
IMMUNITY.

## STATEMENT OF FACTS

ON FEBRUARY 8, 2008 DSS DIRECTOR ZIMMERMAN INITIATED A
DSS INVESTIGATION PURSUANT TO G.S. 7B-302 ASSESSMENT BY DSS
DIRECTOR. ZIMMERMAN ASSIGNED THE CASE TO GOODE-EATMON
AND NUNNERY TO INVESTIGATE.

ON FEBRUARY 11, 2008 ZIMMERMAN BEGAN TO CONSULT WITH
SHERIFF BUTLER WHO ASSIGNED DETECTIVE HAMILTON TO ASSIST
GOODE-EATMON AND NUNNERY IN THE DSS INVESTIGATION PURSUANT
TO G.S. 7B-302(e).

ON MARCH 17, 2008 THE JUVENILE CHANGED IN LEGAL STATUS
BY TURNING AGE 18 AT WHICH TIME THE DSS JURISDICTION

PURSUANT TO G.S. 7B-200 TERMINATED PURSUANT TO G.S. 7B-201 RETENTION OF JURISDICTION AT WHICH TIME THE DSS CASE CLOSED EFFECTIVE MARCH 17, 2008. CONSEQUENTLY THE DSS CASE CLOSED ON MARCH 17, 2008 WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307. AND THEREFORE DSS DIRECTOR ZIMMERMAN DID NOT HAVE A DUTY TO MAKE AN IMMEDIATE ORAL AND SUBSEQUENT WRITTEN REPORT TO D.A. GRANNIS AND SHERIFF BUTLER PURSUANT TO G.S. 7B-307. THE DSS CASE CLOSED ON MARCH 17, 2008 WITHOUT ZIMMERMAN MAKING A REPORT TO GRANNIS AND THEREFORE GRANNIS DID NOT DETERMINE THAT A CRIMINAL PROSECUTION OF PLAINTIFF WAS APPROPRIATE PURSUANT TO G.S. 7B-307. AT THIS JUNCTURE, HOWEVER, BUTLER AND HAMILTON BEGAN TO LEAD AN INDEPENDENT POLICE INVESTIGATION WITH THE ASSISTANCE OF ZIMMERMAN, GOODE-EATMON, AND NUNNERY, AND UNDER THE DIRECT ADVICE OF GRANNIS, ALSO, AT THIS JUNCTURE, THEY ALL KNEW THAT DSS NO LONGER HAD JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND THEY ALL KNEW DSS DID NOT RECEIVE AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 AND THEREFORE, THEY ALL KNEW THAT DSS COULD NOT LAWFULLY TRIGGER G.S. 7B-307 DSS DIRECTORS DUTY TO REPORT EVIDENCE OF JUVENILE ABUSE OR COULD NOT LAWFULLY MAKE AN IMMEDIATE ORAL AND SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307 WITHOUT FIRST RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307

ON MAY 1, 2008, GRANNIS, BUTLER, HAMILTON, AND ZIMMERMAN

PROCURED SOCIAL WORKERS NUNNERY, GOODE-EATMON, MELISSA GRIMES-GOODEN, ALCEEDA RICHMOND, BETH RUPP, LATONYA HALL-ROSS, KIMBERLY KOCH, DENISE MONTGOMERY, AND ALFRED SPAIN TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF. IN DOING SO, NUNNERY STAFFED A CLOSED DSS CASE WITH A NON-CERTIFIED FORENSIC STAFFING TEAM COMPRISING THE EIGHT AFORESTATED SOCIAL WORKERS, INCLUDING GOODE-EATMON, ~~MARY GOODEN~~ IMPOSTURING AND IMPERSONATING FORENSIC EXPERTS IN ORDER TO MAKE A JOINT CASE DECISION THAT FALSELY SUBSTANTIATED JUVENILE SEXUAL ABUSE AGAINST PLAINTIFF WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307. THEREFORE, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, NUNNERY, AND SOCIAL WORKERS ALL KNEW THAT DSS DID NOT HAVE JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND THEY ALL KNEW THAT DSS DID NOT RECEIVE AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT THE JOINT CASE DECISION THAT SUBSTANTIATED JUVENILE SEXUAL ABUSE AGAINST PLAINTIFF. THEREFORE, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, NUNNERY, AND SOCIAL WORKERS' KNOWING AND INTENTIONAL ACCEPTANCE OF A FABRICATED DSS CASE DECISION WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 CONSTITUTED GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, NUNNERY AND SOCIAL WORKERS' AGREEMENT TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE

AGAINST PLAINTIFF.

— NEXT —

ON MAY 1, 2008, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, AND GOODE-EATMON PROCURED NUNNERY TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF. IN DOING SO, NUNNERY MADE AN IMMEDIATE ORAL REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307 WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER AN IMMEDIATE ORAL REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307. THEREFORE, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, AND NUNNERY ALL KNEW THAT DSS DID NOT HAVE JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S 7B-200 AND THEY ALL KNEW THAT DSS DID NOT RECEIVE AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER AN IMMEDIATE ORAL REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307. THEREFORE, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, AND NUNNERY'S KNOWING AND INTENTIONAL ACCEPTANCE OF NUNNERY'S FABRICATED IMMEDIATED IMMEDIATE REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307 WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO EVEN SUPPORT AND/OR TRIGGER AN IMMEDIATE ORAL REPORT TO GRANNIS AND

BUTLER CONSTITUTED GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, AND NUNNERY'S AGREEMENT TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF.

— NEXT —

ON MAY 1, 2008, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, AND GOODE-EATMON PROCURED NUNNERY TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF. IN DOING SO, NUNNERY MADE A SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307 WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER A SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307. THEREFORE, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, AND NUNNERY ALL KNEW THAT DSS DID NOT HAVE JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND THEY ALL KNEW THAT DSS DID NOT RECEIVE AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER A SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307. THEREFORE, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, AND NUNNERY'S KNOWING AND INTENTIONAL ACCEPTANCE OF NUNNERY'S FABRICATED SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307 WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200

AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO EVEN SUPPORT OR TRIGGER A SUBSEQUENT WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307 CONSTITUTED GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, AND NUNNERY'S AGREEMENT TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF.

— NEXT —

ON AUGUST 15, 2008, GRANNIS, BUTLER, HAMILTON, ZIMMERMAN, GOODE-EATMON, AND NUNNERY PROCURED JUDGE FRANKS AND CLERK OF COURT PERRY TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF. IN DOING SO, HAMILTON INSTRUCTED PERRY TO GET AN EXPARTE DOMESTIC VIOLENCE ORDER OF PROTECTION FROM FRANKS WITHOUT EXIGENT CIRCUMSTANCES IN ORDER TO FABRICATE JURISDICTION OVER A JUVENILE PURSUANT TO G.S. 7B-200 AND FABRICATE A FINDING OF EVIDENCE PURSUANT TO G.S. 7B-307. IN CHAMBERS, PERRY GAVE JUDGE FRANKS A PARTIALLY COMPLETED EXPARTE DOMESTIC VIOLENCE ORDER OF PROTECTION DOCUMENTS. JUDGE FRANKS THEN KNOWINGLY AND INTENTIONALLY FILLED IN THE BLANKS WITH FALSE INFORMATION THAT ON AUGUST 14, 2008 PLAINTIFF COMMITTED 1ST DEGREE RAPE, 1ST DEGREE SEXUAL OFFENSE, AND SEXUAL BATTERY AGAINST HIS TWO MINOR BIOLOGICAL DAUGHTERS AND ONE LEGAL ADULT STEPDAUGHTER FALSIFIED AS A MINOR. FRANKS THEN

KNOWINGLY AND INTENTIONALLY GAVE THE EXPARTE DOMESTIC VIOLENCE ORDER OF PROTECTION BACK TO PERRY COMPLETED AND SIGNED AND INSTRUCTED HER TO FILE IT WITH THE CLERK OF COURT. PERRY THEN READS THE EXPARTE DOMESTIC VIOLENCE ORDER OF PROTECTION AND REALIZED THAT JUDGE FRANKS HAD FILLED IN FALSE INFORMATION. FRANKS THEN REALIZED THAT PERRY REALIZED THAT HE HAD FILLED IN FALSE INFORMATION. PERRY THEN REALIZED THAT JUDGE FRANKS THEN REALIZED THAT SHE REALIZED THAT HE HAD FILLED IN FALSE INFORMATION. FRANKS AND PERRY THEN BOTH REALIZED THAT PERRY REALIZED THAT HE HAD FILLED IN FALSE INFORMATION. FRANKS ALSO REALIZED THE EXPARTE DOCUMENT WAS FALSE WHEN HE TOLD PERRY TO FILE IT WITH THE CLERK OF COURT. PERRY ALSO REALIZED THE EXPARTE DOCUMENT WAS FALSE WHEN FRANKS TOLD HER TO FILE IT WITH THE CLERK OF COURT. FRANKS ALSO REALIZED THAT PERRY REALIZED THE EXPARTE DOCUMENT WAS FALSE WHEN HE TOLD HER TO FILE IT WITH THE CLERK OF COURT. PERRY ALSO REALIZED THAT FRANKS REALIZED THE EXPARTE DOCUMENT WAS FALSE WHEN HE TOLD HER TO FILE IT WITH THE CLERK OF COURT. FRANKS AND PERRY ALSO BOTH REALIZED THE EXPARTE DOCUMENT WAS FALSE WHEN HE TOLD HER TO FILE IT WITH THE CLERK OF COURT. FRANKS KNEW THE EXPARTE DOCUMENT WAS FALSE BEFORE PERRY LEFT CHAMBERS TO FILE IT WITH THE CLERK OF COURT. PERRY KNEW THE EXPARTE DOCUMENT WAS FALSE BEFORE SHE LEFT CHAMBERS TO FILE IT WITH THE CLERK OF COURT. FRANKS KNEW THAT PERRY KNEW THE EXPARTE DOCUMENT WAS FALSE

BEFORE SHE LEFT CHAMBERS TO FILE IT WITH THE CLERK OF COURT. PERRY KNEW THAT FRANKS KNEW THE EXPARTE DOCUMENT WAS FALSE BEFORE SHE LEFT CHAMBERS TO FILE IT WITH THE CLERK OF COURT. FRANKS AND PERRY BOTH KNEW THE EXPARTE DOCUMENT WAS FALSE BEFORE SHE LEFT CHAMBERS TO FILE IT WITH THE CLERK OF COURT. FRANKS ALSO KNEW THE EXPARTE DOCUMENT WAS FALSE WHEN PERRY FILED IT WITH THE CLERK OF COURT. PERRY ALSO KNEW THE EXPARTE DOCUMENT WAS FALSE WHEN SHE FILED IT WITH THE CLERK OF COURT. FRANKS ALSO KNEW THAT PERRY KNEW THE EXPARTE DOCUMENT WAS FALSE WHEN SHE FILED IT WITH THE CLERK OF COURT. PERRY ALSO KNEW THAT FRANKS KNEW THE EXPARTE DOCUMENT WAS FALSE WHEN SHE FILED IT WITH THE CLERK OF COURT. FRANKS AND PERRY ALSO BOTH KNEW THAT THEY BOTH KNEW THAT THE EXPARTE DOCUMENT WAS FALSE WHEN PERRY FILED IT WITH THE CLERK OF COURT. THEREFORE, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, AND FRANKS ALL KNEW THAT DSS DID NOT HAVE JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND DID NOT RECEIVE AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER THE ISSUE OF EXPARTE DOMESTIC VIOLENCE ORDER OF PROTECTION 08CVD8358. THEREFORE, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, AND FRANKS KNOWING AND INTENTIONAL ACCEPTANCE OF JUDGE FRANKS FABRICATED EXPARTE ORDER 08CVD8358 WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT

(10)

RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO
SUPPORT AND/OR TRIGGER THE ISSUE OF AN EXPARTE DOMESTIC
VIOLENCE ORDER OF PROTECTION CONSTITUTES GRANNIS, BUTLER,
ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, AND
FRANKS AGREEMENT TO CONSPIRE AND SCHEME TO FABRICATE
EVIDENCE AGAINST PLAINTIFF.  SUPPORTING FACTS: PERRY TESTIFIED
AT PLAINTIFFS STATE CRIMINAL TRIAL THAT HAMILTON TOLD HER TO
GET THE ORDER; HAMILTON TESTIFIED AT PLAINTIFFS STATE CRIMINAL
TRIAL THAT SHE TOLD PERRY TO GET AN EXPARTE ORDER; PERRY AND
HAMILTON BOTH TESTIFIED AT PLAINTIFFS STATE CRIMINAL TRIAL THAT
THEY DID NOT GIVE JUDGE FRANKS THE FALSE INFORMATION THAT ON
AUGUST 14, 2008 PLAINTIFF COMMITTED 1ST DEGREE RAPE, 1ST DEGREE
SEXUAL OFFENSE, AND SEXUAL BATTERY AGAINST HIS TWO MINOR
BIOLOGICAL DAUGHTERS AND ONE LEGAL ADULT STEPDAUGHTER; JUDGE
FRANKS INDICATED IN HIS FINDINGS IN EXPARTE ORDER 08CV08358 THAT
LEO (LAW ENFORCEMENT OFFICER) TOLD PERRY TO GET EXPARTE ORDER.


 — NEXT —

ON SEPTEMBER 8, 2008, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON,
GOODE-EATMON, NUNNERY, PERRY, AND FRANKS PROCURED
MAGISTRATE APPLEWHITE ▓▓▓ AND HAMILTON TO CONSPIRE AND
SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF. IN DOING
SO, GRANNIS REQUESTED HAMILTON TO APPEAR BEFORE APPLEWHITE
TO GET ARREST WARRANTS PURSUANT TO G.S. 7B-307 WITHOUT

JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER GRANNIS TO REQUEST HAMILTON TO APPEAR BEFORE MAGISTRATE APPLEWHITE FOR ARREST WARRANTS PURSUANT TO G.S. 7B-307. THEREFORE, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, AND APPLEWHITE ALL KNEW THAT DSS DID NOT HAVE JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND THEY ALL KNEW THAT DSS DID NOT RECEIVE AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER GRANNIS TO REQUEST HAMILTON TO APPEAR BEFORE MAGISTRATE APPLEWHITE FOR ARREST WARRANTS PURSUANT TO G.S. 7B-307. THEREFORE, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, AND APPLEWHITE'S KNOWING AND INTENTIONAL ACCEPTANCE OF ~~HAMILTON~~ AND APPLEWHITE'S FABRICATED ARREST WARRANTS 08CRS63535-46 WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER GRANNIS TO REQUEST HAMILTON TO APPEAR BEFORE MAGISTRATE FOR ARREST WARRANTS PURSUANT TO G.S. 7B-307 CONSTITUTED GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, AND APPLEWHITE'S AGREEMENT TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF.

— NEXT —

ON MARCH 23, 2009 AND JULY 6, 2009, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, AND APPLEWHITE PROCURED SMITH, HAMILTON, AND GUEDALIA TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF. IN DOING SO, GRANNIS AND SMITH REQUESTED HAMILTON AND GUEDALIA TO APPEAR BEFORE GRAND JURIES TO GET INDICTMENTS WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER GRANNIS AND SMITH TO REQUEST HAMILTON AND GUEDALIA TO APPEAR BEFORE GRAND JURIES FOR INDICTMENTS. THEREFORE, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, AND NUNNERY PERRY, FRANKS, APPLEWHITE, GUEDALIA, AND SMITH ALL KNEW THAT DSS DID NOT HAVE JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND THEY ALL KNEW THAT DSS DID NOT RECEIVE AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER GRANNIS AND SMITH TO REQUEST HAMILTON AND GUEDALIA TO APPEAR BEFORE GRAND JURIES FOR INDICTMENTS. THEREFORE, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, APPLEWHITE, GUEDALIA, AND SMITH'S KNOWING AND INTENTIONAL ACCEPTANCE OF HAMILTON, GUEDALIA, AND SMITHS FABRICATED INDICTMENTS 08CR563533-46 WITHOUT JURISDICTION OVER ANY JUVENILES PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO SUPPORT AND/OR TRIGGER GRANNIS AND SMITH TO REQUEST HAMILTON AND GUEDALIA TO APPEAR BEFORE GRAND

JURIES FOR INDICTMENTS CONSTITUTED GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, APPLEWHITE, GUEDALIA, AND SMITH'S AGREEMENT TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF.

— NEXT —

IN JUNE 2011, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, APPLEWHITE, GUEDALIA, AND SMITH PROCURED PERRY AND COX TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF. IN DOING SO, COX AND PERRY COERCED TESTIMONY FROM PLAINTIFFS LEGAL ADULT STEPDAUGHTER AT PLAINTIFFS STATE CRIMINAL TRIAL IN ACCESSORY AFTER-THE-FACT TO (1) HER HISTORY OF PRIOR INCONSISTENT STATEMENTS AND CONTRADICTION BY OTHER EVIDENCE; (2) A FABRICATED DSS CASE DECISION; (3) A FABRICATED DSS ORAL REPORT TO GRANNIS AND BUTLER PURSUANT TO GS. 7B-307; (4) A FABRICATED DSS WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO GS. 7B-307; (5) A FABRICATED DOMESTIC VIOLENCE ORDER OF PROTECTION 08CVD8358; (6) FABRICATED ARREST WARRANTS 08CRS 63535-46, AND (7) FABRICATED INDICTMENTS 08CRS63535-46 WITHOUT JURISDICTION OVER A JUVENILE PURSUANT TO GS.7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY GS. 7B-307. THEREFORE, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, APPLEWHITE, GUEDALIA, SMITH, AND COX ALL KNEW THAT DSS DID NOT HAVE JURISDICTION OVER ANY JUVENILES PURSUANT TO GS.7B-200

AND THEY ALL KNEW THAT DSS DID NOT RECEIVE AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 TO CORROBORATE THE COERCED TESTIMONY OF PLAINTIFFS LEGAL ADULT STEPDAUGHTER. THEREFORE, GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, APPLEWHITE, GUEDALIA, SMITH, AND COX'S KNOWING AND INTENTIONAL ACCEPTANCE OF PLAINTIFFS LEGAL ADULT STEPDAUGHTERS COERCED TESTIMONY AFTER-THE-FACT OF (1) HER HISTORY OF INCONSISTENT STATEMENTS AND CONTRADICTION BY OTHER EVIDENCE; (2) A FABRICATED DSS CASE DECISION; (3) A FABRICATED DSS ORAL REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307; (4) A FABRICATED DSS WRITTEN REPORT TO GRANNIS AND BUTLER PURSUANT TO G.S. 7B-307; (5) A FABRICATED DOMESTIC VIOLENCE ORDER OF PROTECTION 08CVD8358; (6) FABRICATED ARREST WARRANTS 08CRS63535-46, AND (7) FABRICATED INDICTMENTS 08CRS63535-46 WITHOUT JURISDICTION OVER A JUVENILE PURSUANT TO G.S. 7B-200 AND WITHOUT RECEIVING AN EVIDENCE REPORT AS REQUIRED BY G.S. 7B-307 CONSTITUTED GRANNIS, BUTLER, ZIMMERMAN, HAMILTON, GOODE-EATMON, NUNNERY, PERRY, FRANKS, APPLEWHITE, GUEDALIA, SMITH, AND COX'S AGREEMENT TO CONSPIRE AND SCHEME TO FABRICATE EVIDENCE AGAINST PLAINTIFF.


## ARGUMENT


PROSECUTORS ARE ABSOLUTELY IMMUNE FOR ALL THEIR ACTIONS IN "INITIATING A PROSECUTION AND PRESENTING THE STATES CASE."

IMBLER V. PACHTMAN, 424 U.S. 409, 431, 96 S Ct 984 (1975).
HOWEVER, PROSECUTORS ARE NOT ABSOLUTELY IMMUNE FOR ACTIONS
NOT DIRECTLY RELATED TO PRESENTING CASES IN COURT. IN
PLAINTIFFS CASE, PROSECUTORS' GRANNIS, SMITH AND COX STEPPED
OUTSIDE OF THEIR PROSECUTORIAL ROLE, AND INTO THE ROLE OF
CRIMINALS, WHEN THEY CHAIN-CONSPIRED TO FABRICATE EVIDENCE
AGAINST PLAINTIFF. BUCKLEY V. FITZSIMMONS, 509 U.S AT
268-69 (PROSECUTOR WAS NOT ABSOLUTELY IMMUNE FOR FABRICATING
EVIDENCE DURING PRELIMINARY INVESTIGATION AND FOR PUBLIC
STATEMENTS). THEREFORE, DEFENDANTS GRANNIS, SMITH AND
COX ARE NOT ENTITLED TO ABSOLUTE IMMUNITY IN PLAINTIFFS
CASE AND, THEREFORE, MUST BE GRANTED.

JUDGES ARE ABSOLUTELY IMMUNE FROM DAMAGE AWARDS IN
CIVIL RIGHTS CASES FOR ACTS TAKEN IN THEIR JUDICIAL
CAPACITIES. STUMP V. SPARKMAN, 435 U.S. 349, 98 S. Ct 1099
(1978). ONLY IF THE ACT IN "CLEAR ABSENCE OF ALL
JURISDICTION" CAN THEY BE HELD LIABLE. BRADLEY V.
FISHER 80 U.S. (13 WALL) 335, 352 (1871) (PROBATE JUDGE
WHO TRIED A CRIMINAL CASE WOULD ACT IN THE ABSENCE
OF ALL JURISDICTION AND LOSE IMMUNITY). IN PLAINTIFFS
CASE, JUDGE FRANKS WAS CLEARLY ABSENT OF ALL JURISDICTION
WHEN HE ACTED TO FABRICATE EVIDENCE AGAINST PLAINTIFF BY
FABRICATING SUBJECT MATTER — ALLEGING FICTITIOUS RAPE AND
ASSAULT CRIMES — IN ORDER TO FABRICATE JURISDICTION.

JUDGE FRANKS MADE UP RAPE AND ASSAULT CRIMES IN ORDER TO MAKE UP JURISDICTION TO ISSUE EXPARTE DOMESTIC VIOLENCE ORDER OF PROTECTION 08CVD8358. MORE SPECIFICALLY, IN CHAMBERS, CLERK OF COURT PERRY GAVE JUDGE FRANKS A PARTIALLY COMPLETED EXPARTE DOMESTIC VIOLENCE ORDER OF PROTECTION DOCUMENT. JUDGE FRANKS THEN KNOWINGLY AND INTENTIONALLY FILLED IN THE BLANKS — THE JUDGES FINDINGS — WITH FALSE INFORMATION THAT ON AUGUST 14, 2008 PLAINTIFF COMMITTED 1ST DEGREE RAPE, 1ST DEGREE SEXUAL OFFENSE, AND SEXUAL BATTERY AGAINST HIS AND PERRY'S TWO MINOR BIOLOGICAL DAUGHTERS AND PLAINTIFFS LEGAL ADULT STEPDAUGHTER FALSIFIED AS A MINOR. JUDGE FRANKS THEN KNOWINGLY AND INTENTIONALLY GAVE THE EXPARTE DOMESTIC VIOLENCE ORDER OF PROTECTION BACK TO PERRY COMPLETED AND SIGNED AND INSTRUCTED HER TO FILE IT WITH THE CLERK OF COURT. PERRY THEN READS THE COMPLETED AND SIGNED EXPARTE DOCUMENT AND REALIZED THAT JUDGE FRANKS HAD FILLED IN FALSE INFORMATION. FRANKS THEN REALIZED THAT PERRY REALIZED THAT HE HAD FILLED IN FALSE INFORMATION. PERRY THEN REALIZED THAT JUDGE FRANKS THEN REALIZED THAT SHE REALIZED THAT HE HAD FILLED IN FALSE INFORMATION. FRANKS AND PERRY THEN BOTH REALIZED THAT PERRY REALIZED THAT HE HAD FILLED IN FALSE INFORMATION. THEREFORE, FRANKS AND PERRY BOTH KNEW THAT EXPARTE ORDER 08CVD8358 WAS FALSE WHEN PERRY FILED IT WITH THE CLERK OF COURT. THEREFORE, FRANKS AND PERRY'S KNOWING AND INTENTIONAL ACCEPTANCE OF FABRICATED EXPARTE ORDER

08CVD8358 CONSTITUTED FRANKS AND PERRY'S AGREEMENT TO CONSPIRE AND SCHEME TO FABRICAT EVIDENCE AGAINST PLAINTIFF. JUDGE FRANKS ACTIONS TO CHAIN-CONSPIRE TO FABRICATE EXPARTE ORDER 08CVD8358 IN ORDER TO FABRICATE SUBJECT MATTER IN ORDER ~~ORDER~~ TO FABRICATE JURISDICTION IS NOT A JUDICIAL ACT. ITS A CRIMINAL ACT AND A PERFECT EXAMPLE OF EXTREME BEHAVIOR. FOR EXAMPLES OF THE EXTREME BEHAVIOR REQUIRED BEFORE DAMAGES WILL BE AWARDED AGAINST A JUDGE, SEE HARPER V. MERCKLE, 638 F.2d 848, 851-52 (5th CIR 1982) (. FINDING THAT WHEN PLAINTIFF WENT TO JUDGE'S CHAMBERS FOR INFORMATION, JUDGE DEMANDED THAT HE BE SWORN, CHASED HIM DOWN THE HALL, HAD HIM PURSUED AND ARRESTED, AND HELD IN CONTEMPT WITHOUT AN ATTORNEY); ZARCONE V. PERRY, 572 F.2d 52, 53 (2nd CIR. 1978) (JUDGE HAD COFFEE VENDOR BROUGHT INTO CHAMBERS IN HANDCUFFS TO ABUSE HIM FOR THE LOW QUALITY OF HIS COFFEE). PLAINTIFFS CASE IS FAR MORE SEVERE THAN THE EXAMPLES OF EXTREME BEHAVIOR PROVIDED. JUDGE FRANKS MADE A COMPLETE DEPARTURE FROM THE JUDICIAL ROLE, AND INTO THE ROLE OF A CRIMINAL, WHEN HE KNOWINGLY AND INTENTIONALLY CHAIN-CONSPIRED WITH PERRY AND OTHER DEFENDANTS TO FABRICATE EVIDENCE AGAINST PLAINTIFF. ACCORDINGLY, JUDGE FRANKS AND CLERK PERRY ARE BOTH LIABLE IN PLAINTIFFS SUIT AND NOT ENTITLED TO JUDICIAL IMMUNITY AND QUASI-JUDICIAL IMMUNITY, RESPECTIVELY. THEREFORE, THESE TWO DEFENDANTS MUST BE GRANTED. IN ADDITION, AT THE TIME JUDGE FRANKS

ISSUED EX PARTE DOMESTIC VIOLENCE ORDER OF PROTECTION 08CV08358, IT WAS IN THE PERFORMANCE OF A NON-JUDICIAL (I.E., EXECUTIVE OR ADMINISTRATIVE) FUNCTION FOR WHICH JUDGES ARE ENTITLED TO ONLY QUALIFIED IMMUNITY. MORRISON V. LIPSCOMB, 877 F. 2d 463, 465-66 (6th Cir. 1989) (ORDER IMPOSING TWO-WEEK MORATORIUM ON CERTAIN WRITS DURING HOLIDAY; "ANYTIME AN ACTION TAKEN BY A JUDGE IS NOT A JUDICIAL ACT BETWEEN PARTIES, ITS LESS LIKELY THAT THE ACT IS A JUDICIAL ONE.") JUDGE FRANKS ACTIONS TO ISSUE AN EX PARTE (NON-ADVERSARY) ORDER ON BEHALF OF ONLY ONE PARTY, AND IN THE ABSENCE OF AND WITHOUT NOTICE TO PLAINTIFF IS THEREFORE NOT A JUDICIAL ACT BETWEEN PARTIES BUT INSTEAD AN ADMINISTRATIVE ACT. THEREFORE, JUDGE FRANKS IS NOT ENTITLED TO JUDICIAL IMMUNITY AND CLERK PERRY IS THEREFORE NOT ENTITLED TO QUASI-JUDICIAL IMMUNITY. DEFENDANTS FRANKS AND PERRY WOULD THEN BE ENTITLED TO QUALIFIED IMMUNITY UNLESS THEY VIOLATE "CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN." HARLOW V. FITZGERALD, 457 U.S. 800, 817-18 102 S Ct 2727 (1982). DEFENDANTS FRANKS AND PERRY UNDERSTOOD THAT THEIR ACTIONS TO CONSPIRE TO FABRICATE EVIDENCE AGAINST PLAINTIFF WAS ILLEGAL AND THEREFORE THEY DO NOT QUALIFY FOR QUALIFIED IMMUNITY. DEFENDANTS FRANKS AND PERRY MUST THEREFORE BE GRANTED.

## CONCLUSION

DEFENDANTS ~~PLAINTIFF~~ GRANNIS, SMITH, AND COX KNOWINGLY AND INTENTIONALLY CHAIN CONSPIRED WITH OTHER DEFENDANTS TO FABRICATE EVIDENCE AGAINST PLAINTIFF AND THEREFORE THEY DO NOT QUALIFY FOR PROSECUTORIAL IMMUNITY. THEREFORE, PLAINTIFF RESPECTFULLY DEMAND THAT DEFENDANTS GRANNIS, SMITH, AND COX BE GRANTED.

DEFENDANTS ~~PLAINTIFF~~ FRANKS AND PERRY KNOWINGLY AND INTENTIONALLY CHAIN CONSPIRED WITH OTHER DEFENDANTS TO FABRICATE EVIDENCE AGAINST PLAINTIFF AND THEREFORE THEY DO NOT QUALIFY ~~THE~~ FOR JUDICIAL IMMUNITY AND QUASI-JUDICAL IMMUNITY, RESPECTIVELY. THEREFORE, PLAINTIFF RESPECTFULLY DEMAND THAT DEFENDANTS FRANKS AND PERRY BE GRANTED.

DEFENDANT APPLEWHITE KNOWINGLY AND INTENTIONALLY CHAIN CONSPIRED WITH OTHER DEFENDANTS TO FABRICATE EVIDENCE AGAINST PLAINTIFF AND THEREFORE DO NOT QUALIFY FOR JUDICIAL IMMUNITY. THEREFORE, PLAINTIFF RESPECTFULLY DEMAND THAT DEFENDANT APPLEWHITE BE GRANTED.

RESPECTFULLY SUBMITTED
3 MAY 2013

JONATHAN E. BRUNSON
PLAINTIFF

## VERIFICATION

I, JONATHAN E. BRUNSON, HAVE READ THE FOREGOING MEMO OF LAW IN OBJECTION TO ORDER OF THE U.S. MAGISTRATE JUDGE AND HEREBY VERIFY THAT THE FACTS ALLEGED THEREIN ARE TRUE. I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED AT ELIZABETH CITY, NC ON 3 MAY 2013.

JONATHAN E BRUNSON
PLAINTIFF

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT THE FOREGOING MEMO OF LAW IN OBJECTION TO THE ORDER OF THE U.S. MAGISTRATE JUDGE WAS DULY SERVED UPON THE FOLLOWING BY PLACING A COPY OF SAME IN THE UNITED STATES MAIL ADDRESSED AS FOLLOWS:

COUNTY ATTORNEY
P.O. BOX 1829
FAYETTEVILLE, NC 28302

OFFICE OF SHERIFF'S LEGAL COUNSEL
131 DICK STREET
FAYETTEVILLE, NC 28301

THIS 3RD DAY OF MAY, 2013.

JONATHAN E BRUNSON 0493187
PLAINTIFF