IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3063-FL

| | | |
|---|---|---|
| JONATHAN EUGENE BRUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL R. BUTLER, C.L. HAMILTON, | ) | |
| LELIA GOODE-EATMON, WANDA | ) | |
| NUNNERY, L.GUEDALIA, AND | ) | |
| ROSEMARY ZIMMERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter is before the court on the motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and/or to dismiss pursuant to Rule 12(b)(6) filed by defendants Lelia Goode-Eatmon ("Goode-Eatmon") and Wanda Nunnery ("Nunnery") (DE 130), as well as, the motion for summary judgment filed by Earl R. Butler ("Butler"), L. Guedalia ("Guedalia"), and C.L. Hamilton ("Hamilton") (DE 150). Also before the court are the respective motions to dismiss pursuant to Rules 12(b)(1), (2), (4), (5), and (6) filed by defendants Rosemary Zimmerman ("Zimmerman") (DE 136, 173) and Guedalia (143), as well as the motion to amend the court's case management order (DE 172) filed by Nunnery, Goode-Eatmon, and Zimmerman. Finally, before the court are plaintiff's appeal of the United States magistrate judge's decision, which this court construes as a motion for reconsideration (DE 135), motion for leave to file an amended complaint (DE 139), motion to compel discovery (DE

154), motion for partial summary judgment (DE 155), and motion to defer considering defendants Hamilton, Guedalia, and Butler's motion for summary judgment (DE 159).

## BACKGROUND

The background as set forth in the court's March 1, 2011, order is as follows:

> Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on April 6, 2009. Plaintiff requested injunctive and monetary relief related to allegations that his constitutional rights were violated by the following defendants: North Carolina Department of Social Services, Cumberland County Sheriff's Department, Earl R. Butler ("Butler"), C.L. Hamilton ("Hamilton"), K.O. Spears ("Spears"), Sharon Smith ("Smith"), C. Carroll ("Carroll"), Cumberland County Magistrate's Office, R.I. Applewhite ("Applewhite"), and George Franks ("Franks"). On November 24, 2009, the court dismissed as frivolous plaintiff's claims against all defendants except Hamilton and Butler.
>
> In short, plaintiff complains that he was arrested without probable cause, wrongfully entrapped, and is now the subject of a malicious prosecution. Hamilton and Butler then filed a motion to dismiss plaintiff's action or to strike his complaint pursuant to Federal Rule of Civil Procedure 12(f). Hamilton and Butler also filed a motion to dismiss or for abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971).
>
> On August 13, 2010, this court entered an order allowing plaintiff to amend his complaint as a matter of course to include claims against Smith, Franks, and Applewhite, as well as, Rita Cox ("Cox"), Ed Grannis ("Grannis"), Lelia Goode-Eatmon ("Goode-Eatmon"), and Wanda Nunnery ("Nunnery"). The court then conducted a frivolity review and allowed plaintiff's claims to proceed against Goode-Eatmon and Nunnery, but dismissed plaintiff's claims against Grannis, Smith, Cox, Franks, and Applewhite as frivolous. The court also granted the motion to dismiss filed by Hamilton and Butler in part and denied it in part. The court stated that it "abstains and stays the action in light of the pending prosecution in state court." (DE # 44.) Finally, the court, in light of the stay, dismissed without prejudice plaintiff's remaining pending motions and the motion to dismiss and strike filed by Hamilton and Butler. The court directed that upon resolution of the state prosecution, the parties are directed to file a status report with this court within fourteen (14) days.

2

On October 16, 2012, the court entered an order lifting the stay, and subsequently entered an initial order.

On November 29, 2012, Goode-Eatmon and Nunnery filed a motion for a protective order. Plaintiff subsequently filed a motion to amend his complaint and two motions to compel discovery. The matters were fully briefed. On April 2, 2013, the court referred these matters to Magistrate Judge William A. Webb for consideration.

On April 24, 2013, the magistrate judge entered an order denying plaintiff's motion to amend his complaint to add defendants Grannis, Smith, Cox, Franks, Applewhite, Linda Priest, Wanda Peavey, and Rosalyn Perry, but allowed plaintiff's motion to amend to include defendants Guedalia and Zimmerman. The magistrate judge also denied as moot plaintiff's first motion to compel. As for plaintiff's second motion to compel, the magistrate judge granted plaintiff's motion to compel defendants to provide the following: (1) a 1999 abuse complaint against plaintiff; (2) an August 2005 medical report; (3) a psychiatric report of the state's complaining witness; (4) a psychological report of the state's complaining witness; (5) a Lyme disease report; and (6) the evidence report made by the department of social services required by N.C. Gen. Stat. § 7B-307. The magistrate judge, however, determined that the requested documents were protected by statute, N.C. Gen. Stat. § 7B-302, and granted-in part the motion for a protective order filed by Goode-Eaton and Nunnery as to these documents. The magistrate judge further ordered Goode-Eatmon and Nunnery to produce the six documents sought by plaintiff for *in camera* inspection, stating that he would review the documents to determine which, if any, documents should be turned over to plaintiff.

3

On April 25, 2013, Goode-Eatmon and Nunnery filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to state a claim upon which relief may be granted. The matter was fully briefed.

On May 8, 2013, plaintiff subsequently filed a motion for reconsideration of the magistrate judge's ruling. Defendants did not directly respond to plaintiff's motion.

Zimmerman and Guedalia subsequently filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6), asserting failure to obtain proper service and failure to state a claim upon which relief may be granted. The matters were fully briefed. In the interim, plaintiff filed a motion to amend his complaint to include additional defendants and supplemental allegations, which also was fully briefed.

On June 10, 2013, Butler, Guedalia, and Hamilton filed a motion for summary judgment, arguing that plaintiff is unable to establish a constitutional violation. The matter was fully briefed, and plaintiff subsequently filed a motion to compel, motion for partial summary judgment, and motion to defer considering defendants' pending motion for summary judgment.

**DISCUSSION**

A.   Plaintiff's Motion to Amend

Once a responsive pleading is filed, a plaintiff may only amend his complaint by leave of the court or by written consent of the defendant, although the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. See Laber v. Harvey, 438 F.3d 404, 426 (4th Cir.2006) (en banc). Under Rule 15(a), leave to amend should

4

be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Id. at 426–47.

However, where a motion to amend is brought "after the deadlines provided by a scheduling order have passed," a party must meet an additional requirement to prevail. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298–99 (4th Cir.2008). "A schedule may be modified only for good cause and with the judge's consent," Fed. R. Civ. P. 16(b)(4), and this "good cause standard must be satisfied to justify [an untimely motion for] leave to amend the pleadings." Nourison Rug Corp., 535 F.3d at 298; see also United States v. Godwin, 247 F.R.D. 503, 506 (E.D.N.C.2007) (adopting a "two-part test whereby [an untimely] amendment to the pleadings must satisfy the requirements of both Rule 16(b) and Rule 15(a), in that order"). If a party fails to show good cause, the court's inquiry ends, and it need not consider whether the moving party meets the requirements of Rule 15(a). Godwin, 247 F.R.D. at 506.

The primary consideration in determining whether a movant has shown good cause to modify the court's scheduling order is the diligence of the moving party. Montgomery v. Anne Arundel Cnty., Maryland, 182 F. App'x 156, 162 (4th Cir.2006) (per curiam). Thus, " '[g]ood cause under Rule 16(b) exists when evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline had passed.'" Godwin, 247 F.R.D. at 506 (quoting Interstate Narrow Fabrics, Inc. v. Century USA, Inc., 218 F.R.D. 455, 460 (M.D.N.C.2003))

In this case, plaintiff has filed numerous motions to amend his complaint, his latest being filed on May 17, 2013. The court's case management order provided that any motion to amend the pleadings was to be filed by January 18, 2013. Thus plaintiff must show good cause for untimely

5

filing his motion to amend. Plaintiff, in this case, does not allege that the alleged evidence supporting the proposed amendment could not have been discovered, in the exercise of reasonable diligence, until after the expiration of the deadline to amend his pleadings. Moreover, the court finds that the materials presented in plaintiff's amended complaint may properly be raised in response to the appropriate dispositive motion.

"[A] court's scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Stonecrest Partners, LLC v. Bank of Hampton Roads, 770 F. Supp.2d 778, 785 (E.D.N.C. 2011) (citing Rassoull v. Maximus, Inc., 209 F.R.D. 372, 374 (D. Md. 2002)). Rather, " 'the terms of the [scheduling] order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" Id. (quoting Barwick v. Celotex Corp., 736 F.2d 946, 954–55 (4th Cir.1984)). Thus, where plaintiff knew or in the exercise of reasonable diligence should have known of the evidence upon which he based his proposed amended complaint and failed to seek to amend the case management order prior to the expiration of the amendment deadlines, he was not diligent in pursuing its claims. Based upon the foregoing, the court finds that plaintiff has not shown good cause for this court to allow him to untimely amend his complaint, and plaintiff's motion to amend is DENIED.

B.     Motion to Amend the Court's Case Management Order

Nunnery, Goode-Eatmon, and Zimmerman filed a motion to amend the court's case management order to extend the dispositive motion deadline from June 10, 2013, to July 23, 2013. For good cause shown, the motion is GRANTED.

C. Motions to Dismiss filed by Zimmerman

On May 13, 2013, Zimmerman filed a motion to dismiss pursuant to Rules 12(b)(4), (5), and (6), arguing that plaintiff failed to properly serve her with the summons and complaint in accordance with Federal Rule of Civil Procedure 4(m). Plaintiff re-served Zimmerman, and on July 10, 2013, summons was returned executed. Because Zimmerman now has been properly served, her motion to dismiss is DENIED as MOOT.

Zimmerman filed a second motion to dismiss on July 19, 2013. Zimmerman's second motion to dismiss is not yet ripe. Accordingly, the court will defer ruling on this motion.

D. Motion to Compel

Plaintiff filed a motion to compel defendants to respond to discovery. Defendants, in response, state that they fully responded to plaintiff's discovery requests. Further, as with his motion to amend, plaintiff's motion to compel was filed after the deadline for discovery set forth in the court's case management order. Finally, plaintiff's motion to compel fails to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions. Based upon the foregoing, plaintiff's motion to compel is DENIED.

E. Motion for Reconsideration

Plaintiff requests that the court reconsider portions of the magistrate judge's April 24, 2013, order. Generally, a district court may designate a magistrate judge to hear and decide any "pretrial matter not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a); see also, 28 U.S.C. § 636(b)(1)(A). Upon timely objection by a party, the court must modify or set aside any part of the

7

magistrate judge's order that is "clearly erroneous" or "contrary to law."  Fed. R. Civ. P. 72(a); see also Local Civil Rule 72.4(a).  "A factual finding is clearly erroneous when [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" TFWS, Inc. V. Franchot, 572 F.3d 186, 196 (4th Cir. 2009) (quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)). Although the "contrary to law" standard permits plenary review of legal conclusions, see PowerShare, Inc. V. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010), decisions related to discovery disputes and scheduling are accorded greater deference.  See, e.g., In re Outsidewall Tire Lit., 267 F.R.D. 466, 470 (E.D. Va. 2010).

Plaintiff first urges the court to reconsider the magistrate judge's ruling regarding the documents he compelled Goode-Eatmon and Nunnery to produce for *in camera* inspection. Specifically, plaintiff asserts that "the magistrate [judge] incorrectly compelled 'the evidence report made by the Department of Social Services required by N.C.G.S. § 7B-307.'  The correction is: The evidence report received by DSS as required by N.C.G.S. § 7B-307–that triggered DSS Director Zimmerman's duty to report evidence of abuse pursuant to N.C.G.S. § 7B-307."  Pl.'s Mot. (DE 135), pp. 1-2 (emphasis in original).

Defendants Goode-Eatmon and Nunnery, however, state in their response to plaintiff's motion to compel that they have fully responded to plaintiff's discovery requests.  These defendants specifically state that they provided both an evidence report and a DSS Report/DA letter.  Def.s' Resp. (DE 167), p. 2.  Accordingly, the record reflects that Goode-Eatmon and Nunnery provided the DSS report, referenced by plaintiff, to the court for *in camera* inspection.  Accordingly, the court finds the magistrate judge's ruling appropriate, and DENIES plaintiff's motion for reconsideration as to this issue.

8

Next, the court turns to plaintiff's request for reconsideration of the magistrate's denial of his motion to amend his complaint to include Grannis, Smith, Cox, Franks, and Applewhite as defendants in this action. As noted by the magistrate judge in his April 24, 2013, order, the court has previously determined that plaintiff's claims against Grannis, Smith, and Cox are barred by prosecutorial immunity, and Franks and Applewhite are protected by judicial immunity. The magistrate judge found no reason to disturb these prior rulings, and the court likewise agrees. Finally, plaintiff's conclusory allegations of conspiracy are not sufficient to disturb the magistrate judge's ruling. See Wiggins v. 11Kew Garden Court, No. 12-1424, 2012 WL 3668019, at * 2 (4th Cir. Aug. 28, 2012); Miller v. DeMarino, No. 1:01CV183, 2002 WL 32096597, at *1 (N.D.W. Va. Apr. 24, 2002) (finding that naked assertions of a conspiracy are not sufficient to support an action pursuant to 42 U.S.C. § 1983), aff'd, 45 F. App'x 292 (4th Cir. Sep. 10, 2002). Thus, the court DENIES plaintiff's motion for reconsideration as to this issue.

F.   Motion to Stay

Plaintiff requests a continuance of the court's ruling on the defendants' pending motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(d). "As a general rule, summary judgment is appropriate only after adequate time for discovery." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996) (quotation omitted). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Thus, Rule 56(d) allows a court to delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's

9

opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 954 (4th Cir. 1995).

Here, plaintiff requests a continuance until after the court rules on his motion to amend his complaint, motion to compel discovery, and objections to the magistrate judge's discovery order. Plaintiff also requests that the court defer ruling on defendants' motion until after the court makes a determination as to six privileged documents ordered for *in camera* inspection by the magistrate judge. The court has made a determination as to the issues raised by plaintiff in his motion for continuance. Moreover, as discussed above, the discovery deadline has passed in this case. Thus, plaintiff's motion for a continuance to conduct discovery and pursuant to Rule 56(d)is DENIED.

To the extent plaintiff requests an extension of time to respond to defendants' motion for summary judgment, the court notes that plaintiff responded to defendants' motion on June 13, 2013, as well as on July 18, 2013. Accordingly, plaintiff's request is DENIED.

**CONCLUSION**

For the foregoing reasons, the court DENIES plaintiff's motion for reconsideration (DE 135), motion for leave to file an amended complaint (DE 139), motion to compel discovery (DE 154), and motion to defer consideration of defendants Hamilton, Guedalia, and Butler's motion for summary judgment (DE 159). The motion to amend the court's case management order (DE 172) is GRANTED, to specify an amended July 23, 2013 dispositive motions deadline. Additionally,

10

Zimmerman's motion to dismiss (DE 136) is DENIED as moot. The parties' remaining dispositive motions remain pending and will be addressed by separate order.

SO ORDERED, this the 29th day of July, 2013.

_/s/ Louise W. Flanagan_
LOUISE W. FLANAGAN
United States District Judge