IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:09-CT-3063-FL

| | | |
|---|---|---|
| JONATHAN EUGENE BRUNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EARL R. BUTLER, CAROLINE HAMILTON, LELIA GOODE-EATMON, WANDA NUNNERY, L. GUEDALIA, and ROSEMARY ZIMMERMAN, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

The matter is before the court on the motion for judgment on the pleadings (DE 130) filed by defendants North Carolina Department of Social Service employees Lelia Goode-Eatmon ("Goode-Eatmon") and Wanda Nunnery ("Nunnery"). Also before the court are motions to dismiss (DE 143, 173) filed by Cumberland County Deputy Sheriff L. Guedalia ("Guedalia") and Department of Social Services Director Rosemary Zimmerman ("Zimmerman"). Plaintiff also filed a partial motion for summary judgment (DE 155). Finally, the matter is before the court on the motion for summary judgment (DE 150) filed by defendants Guedalia, Cumberland County Sheriff Earl R. Butler ("Butler"), and Cumberland County Deputy Sheriff Caroline Hamilton ("Hamilton") (collectively the "Cumberland County law enforcement defendants"). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court denies as moot Guedalia's motion to dismiss, denies plaintiff's motion for partial summary judgment, and grants defendants' remaining dispositive motions.

# BACKGROUND

The background as set forth in the court's July 29, 2013, order states in pertinent part:

> Plaintiff initiated this action pursuant to 42 U.S.C. § 1983 on April 6, 2009. Plaintiff requested injunctive and monetary relief related to allegations that his constitutional rights were violated by the following defendants: North Carolina Department of Social Services, Cumberland County Sheriff's Department, [Butler], [Hamilton], K.O. Spears ("Spears"), Sharon Smith ("Smith"), C. Carroll ("Carroll"), Cumberland County Magistrate's Office, R.I. Applewhite ("Applewhite"), and George Franks ("Franks"). On November 24, 2009, the court dismissed as frivolous plaintiff's claims against all defendants except Hamilton and Butler.
>
> In short, plaintiff complains that he was arrested without probable cause, wrongfully entrapped, and is now the subject of a malicious prosecution. Hamilton and Butler then filed a motion to dismiss plaintiff's action or to strike his complaint pursuant to Federal Rule of Civil Procedure 12(f). Hamilton and Butler also filed a motion to dismiss or for abstention pursuant to Younger v. Harris, 401 U.S. 37 (1971).
>
> On August 13, 2010, this court entered an order allowing plaintiff to amend his complaint as a matter of course to include claims against Smith, Franks, and Applewhite, as well as, Rita Cox ("Cox"), Ed Grannis ("Grannis"), [Goode-Eatmon], and [Nunnery]. The court then conducted a frivolity review and allowed plaintiff's claims to proceed against Goode-Eatmon and Nunnery, but dismissed plaintiff's claims against Grannis, Smith, Cox, Franks, and Applewhite as frivolous. The court also granted the motion to dismiss filed by Hamilton and Butler in part and denied it in part. The court stated that it "abstains and stays the action in light of the pending prosecution in state court." (DE # 44.) Finally, the court, in light of the stay, dismissed without prejudice plaintiff's remaining pending motions and the motion to dismiss and strike filed by Hamilton and Butler. The court directed that upon resolution of the state prosecution, the parties are directed to file a status report with this court within fourteen (14) days.

On June 17, 2011, in the Cumberland County Superior Court, petitioner was found guilty, following a jury trial, of the following: (1) attempted statutory rape of a thirteen (13) year old; (2)

2

eight counts of sexual activity by a substitute parent by cunnilingus and fellatio; (3) seven counts of taking indecent liberties with a child; (4) statutory sexual offense of a fourteen (14) year old by cunnilingus, fellatio, and penetration; (5) four counts of committing a crime against nature by cunnilingus and fellatio; (6) four counts of statutory sexual offense of a fifteen (15) year old by cunnilingus, fellatio, and penetration; and (7) attempted statutory rape of a fifteen (15) year old. Plaintiff then filed a notice of appeal to the North Carolina Court of Appeals. State v. Brunson, 727 S.E.2d 916 (2012).

The court of appeals found the following facts:

> This case involves the long-term sexual abuse of Jane[1] perpetrated by her stepfather, defendant. The State's evidence tended to show that over the course of a few years defendant perpetrated multiple sexual acts upon Jane, his minor stepdaughter, including showing Jane pornography; shaving Jane's pubic hair; attempting to insert objects, his fingers, and his penis into Jane's vagina; encouraging Jane to experiment sexually with another; sending Jane explicit text messages; having Jane perform oral sex on him; and performing oral and anal sex on Jane. In August of 2005, Jane's mother found explicit text messages from defendant to Jane.

Id.

The North Carolina Court of Appeals affirmed plaintiff's conviction on July 17, 2012. Id. Accordingly, on October 16, 2012, the court entered an order lifting the stay, and subsequently entered an initial order.

On November 29, 2012, Goode-Eatmon and Nunnery filed a motion for a protective order. Plaintiff subsequently filed a motion to amend his complaint and two motions to compel discovery, and the court referred these matters to Magistrate Judge William A. Webb for consideration.

---

[1] The pseudonym of Jane was used by the court of appeals to protect the identity of the minor child. Brunson, 727 S.E.2d at 918.

On April 24, 2013, the magistrate judge entered an order denying plaintiff's motion to amend his complaint to add defendants Grannis, Smith, Cox, Franks, Applewhite, Linda Priest, Wanda Peavey, and Rosalyn Perry, but allowed plaintiff's motion to amend to include defendants Guedalia and Zimmerman. The magistrate judge denied as moot plaintiff's first motion to compel, but granted his second motion to compel. The magistrate judge, however, granted in part the motion for a protective order filed by Goode-Eatmon and Nunnery.

Goode-Eatmon and Nunnery subsequently filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6), and Zimmerman and Guedalia then filed respective motions to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), (5), and (6). The motions were fully briefed. In the interim, plaintiff filed a motion to amend his complaint to include additional defendants and supplemental allegations.

On June 10, 2013, Butler, Guedalia, and Hamilton filed a motion for summary judgment, arguing that plaintiff is unable to establish a constitutional violation. Plaintiff subsequently filed a motion to compel, motion for partial summary judgment, motion for reconsideration, and motion to defer considering defendants' pending motion for summary judgment.

On July 29, 2013, the court entered an order denying plaintiff's motion for reconsideration, motion for leave to file an amended complaint, motion to compel discovery, and motion to defer consideration of the motion for summary judgment filed by defendants Hamilton, Guedalia, and Butler. The court granted the motion to amend its case management order to specify an amended dispositive motion deadline of July 23, 2013. Finally, the court denied as moot Zimmerman's first motion to dismiss.

## DISCUSSION

A.  Standards of Review

Zimmerman filed a second motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

Goode-Eatmon and Nunnery filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed. R. Civ. P 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are

5

taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678; Twombly, 550 U.S. at 570).

Finally, plaintiff, as well as defendants Butler, Guedalia, and Hamilton filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Zimmerman, Goode-Eatmon, and Nunnery are employed by the North Carolina Department of Social Services. Butler is the Cumberland County Sheriff, and Hamilton and Guedalia are Cumberland County Sheriff's deputies. Plaintiff has filed numerous, repetitive pleadings and his claims are difficult to discern. Liberally construing plaintiff's pleadings, plaintiff's claims include the following: defendants conspired to falsify his arrest warrant; defendants conspired against him to fabricate evidence of sexual abuse; defendants conspired to obtain a false indictment; and defendants arrested him without probable cause. Plaintiff also alleges that defendants are liable for entrapment, false imprisonment, malicious prosecution, and for failing to provide him with a probable cause hearing. Finally, plaintiff claims that North Carolina's grand jury statute, N.C. Gen. Stat. § 15A-623(d) is illegal.

To recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must show that the underlying conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Supreme Court later clarified that Section 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In Wilkinson, the Court again emphasized that habeas corpus was indeed the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly

through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81–82.

With the possible exception of plaintiff's false arrest claim, all of plaintiff's claims fall within the purview of Heck because plaintiff's success on the merits would imply the invalidity of his conviction. See Wilkinson, 544 U.S. at 82; see, e.g., Poole v. Carteret County Sheriff's Dept., No. 5:10-CT-3215-BO, 2011 WL 10653675, at *1 (E.D.N.C. May 10, 2011) (finding entrapment claim barred by Heck), aff'd, 458 F. App'x 232 (4th Cir. Dec. 15, 2011); Kirk v. Curran, No. 3:09-CV301-MU, 2009 WL 2423971, at *1 (W.D.N.C. Aug. 4, 2009) (finding claim that plaintiff was unlawfully denied a probable cause hearing, in part, Heck barred), aff'd, 357 F. App'x 529 (4th Cir. Dec. 21, 2009); Rankin v. Cranford, No. 5:03CV99-2-V, 2005 WL 3279983, *3 (W.D.N.C. Apr. 11, 2005) (finding that claims predicated upon having been illegally investigated, prosecuted, and convicted are barred pursuant to Heck), aff'd, 142 F. App'x 166 (4th Cir. Aug. 25, 2005); Millsap v. Franks, No. 5:12-CV-203-RJC, 2013 WL 153807, at *2 (W.D.N.C. Jan. 15, 2013) (finding false imprisonment claim barred by Heck); Charles v. Greenway, No. 1:13-cv-68-RJC, 2013 WL 1823095, at *2 (W.D.N.C. Apr. 30, 2013) (finding plaintiff's claim "contending that his indictment was based on no evidence or false evidence, and his subsequent charge and arrest violated due process" barred by Heck); Mixson v. Burke, No. 2:12-2609-DCN-PJG, 2013 WL 1282036, at *4 (D.S.C. Mar. 4, 2013) (finding plaintiff's allegations of "lack of probable cause for arrest, falsified legal filings and argument . . . if true, would necessarily invalidate the state charges" and are barred by Heck); Cox v. Ozmint, No. 3:12-000225, 2012 WL 1415181, at *2 (D.S.C. Mar. 19, 2012) ("Plaintiff has not challenged the fact that he was arrested pursuant to a facially valid warrant. To the extent Plaintiff alleges that his arrest made pursuant to a warrant was not supported by probable

8

cause, such a claim appears to be one for malicious prosecution . . . Any claim for malicious prosecution, however, is barred by Heck. . . ."); Streater v. Robinson, No. 3:11-cv-600-RJC, 2011 WL 6370390, at * 1-2 (W.D.N.C. Dec. 20, 2011) (finding plaintiff's claim alleging failure to provide a probable cause hearing Heck barred). In this case, plaintiff's conviction has not been reversed, expunged, declared invalid, or called into question. Therefore, plaintiff's § 1983 claim is barred by Heck.

To the extent the Court's ruling in Heck does not act as an impediment to plaintiff's false arrest claim, this claim still fails. Pursuant to § 1983, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 184 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest); see also, Dorn v. Town of Prosperity, 375 F. App'x 284, 288 (4th Cir. 2010) ("[T]here can be no claim for false arrest where a person is arrested pursuant to a facially valid warrant."). There is no dispute that plaintiff was arrested pursuant to a facially valid arrest warrant. Thus, plaintiff's false arrest claim fails.

Although petitioner suggests that defendants conspired to violate his constitutional rights, petitioner's conclusory allegations are not sufficient to state such a claim. Rather, to establish a civil conspiracy, a plaintiff "must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right . . . ." Hinkle v. City of Clarksburg, W. Va., 81 F.3d 416, 421 (4th Cir. 1996). Conclusory allegations of a conspiracy do not demonstrate the "meeting of the mind" element and therefore fail to state a claim. Id. at 421-23; see also Miller v. Demarino, No.

9

Civ. 1:01CV183, 2002 WL 32096597, at * 3 (N.D.W.Va. Apr. 24, 2002) (finding that naked assertions of a conspiracy are not sufficient to support an action pursuant to 42 U.S.C. § 1983), aff'd, 45 F. App'x 292 (4th Cir. Sep. 10, 2002). Rather, a plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective." Hinkle, 81 F.3d at 421. Plaintiff fails to allege facts reflecting a "meeting of the minds" between any defendants. Cf. Iqbal, 556 U.S. at 677; Twombly, 550 U.S. at 555-56. Moreover, as far as the Cumberland County law enforcement defendants are concerned, plaintiff failed to submit any evidence that these defendants were involved in any conspiratorial conduct. Thus, this claim fails.

Finally, the court alternatively finds that plaintiff's conclusory allegations are dismissed for failure to state a claim. While the liberal pleading requirements' of Federal Rule of Civil Procedure 8(a) only require a short and plain statement of the allegations, a plaintiff must offer more than conclusory allegations to support his claim. Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001). Specifically, "[t]he presence [] of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint do not support the legal conclusion." Trulock, 275 F.3d at 405 n. 9. Plaintiff has not met this burden with respect to his claims, and they are, alternatively, dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, the motion for judgment on the pleadings (DE 130) filed by Goode-Eatmon and Nunnery is GRANTED, Zimmerman's motion to dismiss (DE 173) is GRANTED, and the motion for summary judgment filed by Butler, Guedalia, and Hamilton (DE 150) is GRANTED. Plaintiff's claims against these defendants are DISMISSED without

10

prejudice. Plaintiff's motion for partial summary judgment (DE 155) is DENIED, and Guedalia's motion to dismiss (DE 143) is DENIED as MOOT. The Clerk of Court is DIRECTED to close this case.

    SO ORDERED, this the 30th day of August, 2013.

*/s/ Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge